UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GATEARM TECHNOLOGIES, INC.,
    a Florida corporation,

    Plaintiff,

v.

ACCESS MASTERS, LLC,
    a Florida limited liability company, and
BLACKSKY TECHNOLOGIES, INC.,
    a Florida corporation,

    Defendants.
_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, GATEARM TECHNOLOGIES, INC. ("GateArm"), sues Defendants, ACCESS MASTERS, LLC ("Access Masters") and BLACKSKY TECHNOLOGIES, INC. ("BlackSky") for Patent Infringement, and complains as follows:

**JURISDICTION AND VENUE**

1. This is an action for Patent Infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271, et seq.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendants pursuant to Fla. Stat. Ch. 48.193(1) and (2) by virtue of their substantial, continuous and not isolated activity in the Southern District of Florida, including each having a principal place of business within this

1

District and their marketing, distribution and sale of home and commercial security products, including the Accused Product identified in this Complaint, throughout this District.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1400(b).

## THE PARTIES

5. Plaintiff, GATEARM TECHNOLOGIES, INC., is a Florida corporation having its principle place of business at 7540 West McNab Road, Unit E1, North Lauderdale, Florida 33068.

6. Defendant ACCESS MASTERS, LLC, is a Florida limited liability company having its principle place of business at 6601 Lyons Road, Suite H7, Coconut Creek, Florida 33073.

7. Defendant BLACKSKY TECHNOLOGIES, INC. is a Florida corporation having its principal place of business at 101425 Overseas Highway # 707, Key Largo, Florida 33037.

8. GateArm and Access Masters are competitors in the marketing and distribution of home and commercial security products, including LED arms for gates. BlackSky is a distributor of Access Masters products, including the Accused Product.

## COUNT I
## PATENT INFRINGEMENT

9. This Count alleges Patent Infringement against Access Masters, pursuant to 35 U.S.C. § 271, et seq. GateArm repeats and realleges Paragraphs 1-8 above.

10. On September 30, 2014 U.S. Patent No. 8,845,125, entitled "Vehicle Barrier System with Illuminating Gate Arm and Method" ("the '125 Patent") was duly and legally issued to Russell Lumsden, Jaikeeshan Sirju and Bryce Charles Fortney. GateArm is the owner by assignment of all right, title and interest in and to the '125 Patent. A copy of the '125 Patent is attached as Exhibit "A" hereto.

11. Access Masters has infringed and is still infringing one or more claims of the '125 Patent by making, using, selling, offering to sell and/or importing into the United States an LED arm for a gate ("the Accused Product") embodying the invention protected under the '125 Patent, and will continue to do so unless enjoined by this Court. A photograph depicting this accused infringing product is attached as Exhibit "B" hereto.

12. BlackSky has infringed and is still infringing one or more claims of the '125 Patent by selling and offering to sell the Accused Product as a distributor of Access Masters.

13. GateArm has continually advised of the patent protection for its LED arm product, which competes with the Accused Product in the marketplace. It has marked its product and indicated on its website, www.gatearmlight.com, that the product is protected by the '125 Patent since its issuance, as well as marking the product as "Patent Pending" prior thereto.

14. On October 22, 2014, GateArm provided Defendants with formal notice of the '125 Patent via demand letters from counsel. The letters advised of the existence of the '125 Patent and demanded that Defendants cease and desist from further marketing, sales and/or installation of the Accused Product. Alternatively, the letters offered to negotiate terms for licensing under the '125 Patent. Copies of these letters are attached as composite Exhibit "C" hereto.

15. In lieu of a direct response to GateArm's letter, and in an apparent attempt at delay, on November 18, 2014 Access Masters filed a Request for Ex Parte Reexamination of the '125 Patent with the United States Patent & Trademark Office ("USPTO"). The Request alleges that the '125 Patent is invalid in light of prior art, including prior art references already considered by the Patent Examiner during the prosecution of the '125 Patent. A copy of the Request is attached as Exhibit "D" hereto.

16. Access Masters is the owner of U.S. Design Patent No. D707,851 ("the '851 Patent") entitled "Access Gate with Lights" and issued on June 24, 2014. A copy of the '851 Patent is attached as Exhibit "E" hereto. The '851 Patent was filed on January 4, 2013, subsequent to the June 1, 2012 priority date for the '125 Patent, and claims a design identical to Figure 8 of the '125 Patent. Access Masters did not inform the USPTO of GateArm's competing product during prosecution of the '851 Patent, despite having knowledge of GateArm by virtue of their competitive relationship in the marketplace.

17. Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

18. Defendants' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of GateArm. These infringing acts have caused, are causing and will continue to cause injury to GateArm, including irreparable injury and damages, unless and until Defendants are enjoined from doing so by this Court.

## DEMAND FOR JURY TRIAL

GateArm requests that all issues in this case be tried to a jury.

WHEREFORE, GateArm prays that this Court:

A. Enter judgment against Defendants for infringement of the '125 Patent and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons acting in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

B. Enter judgment against Defendants for damages arising from the infringement of the '125 Patent, pursuant to 35 U.S.C. § 284;

C. Enter judgment for GateArm for an accounting as to all damages arising from Defendants' infringement of the '125 Patent;

E. Enter judgment that this case is exceptional, and award treble damages, attorney fees and costs incurred in connection therewith, pursuant to 35 U.S.C. § 285; and

F. Enter judgment granting GateArm such other relief as this Court deems appropriate.

Dated: November 26, 2014

Respectfully submitted,

McHALE & SLAVIN, P.A.
s/ Brian M. Taillon
Edward F. McHale (FBN 190300)
Brian M. Taillon (FBN 678635)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone: (561) 625-6575
Facsimile: (561) 625-6572
E-mail: litigation@mchaleslavin.com

COHEN NORRIS WOLMER RAY
TELEPMAN COHEN
James S. Telepman (FBN 466786)
712 U.S. Highway 1, Suite 400
P.O. Box 13146
North Palm Beach, Florida 33408
Telephone: (561) 844-3600
Facsimile: (561) 842-4104
E-mail: jst@fcohenlaw.com

*Attorneys for GateArm Technologies, Inc.*