United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Gatearm Technologies, Inc., Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 14-62697-Civ-Scola ) |
| Access Masters, LLC, and Blacksky Technologies, Inc. Defendants. | ) ) ) |

### Order Adopting Magistrate's Report and Recommendation

This matter was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a report and recommendation on the Plaintiff's motion to reopen, for an order to show cause why Defendants should not be held in contempt, and to enforce the consent judgment (Mot., ECF No. 59). Judge Otazo-Reyes recommends that the motion for contempt be denied and the motion to enforce be denied. (ECF No. 202.) The Plaintiff Gatearm Technologies, Inc. ("Gatearm") filed objections to the report (ECF No. 207), to which the Defendants Access Masters, LLC ("Access Masters"), Blacksky Technologies, Inc. ("Blacksky"), and Gatearms.com, LLC ("Gatearms") responded (ECF No. 211). Gatearm also filed a motion to strike portions of the Defendants' response that raised new arguments and evidence outside the scope of the report and the objections. (ECF No. 217.) For the reasons set forth below, the Court **grants in part and denies in part** the Plaintiff's motion to strike the Defendants' response (**ECF No. 217**), and it **affirms and adopts** Magistrate Judge Otazo-Reyes's report and recommendation. (**ECF No. 202**.)

### 1. Background

This case involves claims of patent infringement of two patents (8,845,125 ('125 patent) and 9,157,200 ('200 patent)) for LED arms for vehicle and pedestrian traffic gates. (*See* Second Am. Compl., ECF No. 36.) The Plaintiff provides access control products, including LED gate arms, and is the owner of the '125 and '200 patents. Essentially, the Plaintiffs' gate arms feature small outer cavities on either side that serve as housings for strips of LED lights. The Defendant Access Masters, LLC ("Access Masters") competes with the Plaintiff in the marketing and distribution of security products, including LED gate arms. The Defendants Blacksky Technologies, Inc. ("Blacksky") and Gatearms.com distribute Access Masters products. The Plaintiff alleges that the Defendants collectively infringed the '125 and '200 patents by manufacturing and selling a

similar LED gate arm. The design at issue is depicted as follows in the '125 and '200 patents:



(Fig. 7)                                                                 (Fig. 9)

The Defendants' accused product, which the Plaintiff contends infringed its patents is pictured below:



The parties participated in mediation and settled this case in early 2016. (*See* ECF No. 52.) Following the parties' settlement, the Court entered a consent decree that permanently enjoins the Defendants from "manufacturing,

advertising, marketing, distributing, selling, offering to sell, importing or exporting the accused 'LED Arm for a Gate' or any vehicle barrier system with an illuminating gate arm that would infringe any valid and enforceable claim" of the '125 or '200 patents. (ECF No. 53.) Thus, the Court did not have an opportunity to engage in any substantive analysis of the patents, or otherwise determine whether an infringement occurred. After entry of the consent decree, the Court closed this case.

Less than nine months later, the Plaintiff filed its motion to reopen, in which it contends that the Defendants are in contempt of the consent decree because they have released a new product that infringes upon the '125 and '200 patents, and therefore, violates the consent decree. The Defendants' new product appears below:



Judge Otazo-Reyes held a status conference on the Plaintiff's motion, during which the parties agreed that prior to determining the issue of contempt, the Court would have to determine the issue of infringement. (ECF No. 78.) Accordingly, Judge Otazo-Reyes set a *Markman* hearing. (*Id.*)

During the *Markman* hearing, Judge Otazo-Reyes heard argument regarding the claim terms that the parties dispute. The parties agreed with Judge Otazo-Reyes's assessment that only two particular phrases appearing in Claims 1, 2, and 3 of the '125 patent require construction—"first upper sidewall including a terminating end" and "first lower sidewall including a terminating end." The Court adopted Judge Otazo-Reyes's recommendation that it adopt the

Defendants' proposed claim construction. (*See* R. & R., ECF No. 95 at 9-10) because it is consistent with the "customary and ordinary meaning" standard applicable in patent claim construction. (*Id.* at 10.) The Court determined that the following claim construction applies:

| Claim language | Construction |
|---|---|
| "first upper sidewall including a terminating end" | The upper half of the first side surface, extending from the convex top to its terminal end located at the first opening. |
| "first lower sidewall including a terminating end" | The lower half of the first side surface, extending from the convex bottom to its terminal end located in the first opening. |

(Order adopting R&R, ECF No. 99.)

Following the adoption of the patent claim construction, Magistrate Judge Otazo-Reyes oversaw the completion of discovery on the issue of infringement and held an evidentiary hearing on the motion for contempt. (ECF No. 22 at 6.) Judge Otazo Reyes made a number of findings of fact following that evidentiary hearing (*Id.* at 8-29.) Ultimately, Magistrate Judge Otazo-Reyes recommends that the Court deny Gatearm's motion for contempt and deny its motion to enforce the consent decree because the Defendants did not infringe on Gatearm's patent in violation of the consent decree.

### 2. Legal Standards

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)) (alterations omitted). The objections must also present supporting legal authority. Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance,

presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

### 3. Analysis

Before considering the report and recommendations, the Court will briefly address the motion to strike. The motion to strike the Defendants' response (**ECF No. 217**) is **granted in part and denied in part**. The motion is granted with respect to the Defendants' argument that paragraph four of the settlement agreement exempts them from liability because this argument was not presented to the magistrate judge, and a court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). The Court will consider the rest of the Defendants' response.

Gatearm objects to Magistrate Judge Otazo-Reyes's report primarily because (1) the report misapplies the contempt proceeding standard and (2) the report disregards the '200 patent from the analysis. The Court will address each of these objections in turn.[1]

First, Gatearm agrees that Judge Otazo-Reyes's report quotes the correct legal standard from *TiVo*, but it nevertheless argues that the report fails to apply that standard correctly. 646 F.3d at 882-883. According to Gatearm, the report does not compare the original product and the new product to determine whether the differences are colorable, and instead compares the new product to the patent. Specifically, Gatearm identifies a portion of the report that described the figures from the patent, or "Figures 6 and 7," as "particularly relevant." (ECF No. 202 at 6.) Gatearm misconstrued the report's reference to the figures. In the statement of facts, the Court stated that "Figures 6 and 7 are particularly relevant *to the Court's claims constructions Order*" and explicitly cites the Court's prior order adopting Judge Otazo-Reyes's report and recommendation on claim construction, (ECF No. 101). Indeed, the report examines the differences between the enjoined gate arm and the new gate arm, and it determined that the differences between the two are significant. (ECF No. 202 at 30-31.)

Second, the Plaintiff's objection that the report disregards the '200 patent is incorrect. As stated above, the report correctly applies *Tivo* by comparing the new gate arm to the enjoined gate arm and finding that there were significant differences between the two products. 646 F.3d at 882. The analysis should

---

[1] To the extent the Court did not address each of Gatearm's objections, a decisionmaker need not specifically address and reject every argument raised by one of the parties. *Guice v. Postmaster General, U.S. Postal Service*, 718 Fed. App'x 792, 795 (11th Cir. 2017).

focus on those aspects of the accused product "that were previously alleged to be, and were a basis for, the prior finding of infringement." *Id.* The report's analysis focuses on the differences between the products and is not a typical patent infringement analysis. Therefore, the report's analysis does not frequently reference either patent. The report does not, however, ignore the '200 patent. The report recounts Dr. Rice's testimony regarding both patents. Specifically, the report states that Dr. Rice testified that the novel feature of both patents is the cradle for the LED strip and the various terms used to describe what restrains the LED light strip within the opening. (ECF No. 202 at 16.)

In sum, the Court **grants in part and denies in part** the Plaintiff's motion to strike the Defendants' response (**ECF No. 217**), and it **affirms and adopts** Magistrate Judge Otazo-Reyes's report and recommendation. (**ECF No. 202**.) The motion to reopen is granted *nunc pro tunc*. The Motion for contempt and to enforce (**ECF No. 59**) is **denied**.

**Done and ordered** in chambers, at Miami, Florida, on August 21, 2020.

Robert N. Scola, Jr.
United States District Judge